[Civ. No. 2257.   Third Appellate District.—August 4, 1921.]

## WILLIAM PFITZER et al., Respondents, v. A. S. CANDEIAS, Appellant.

[1] LEASES — BREACH OF COVENANT — FORFEITURE — CHOICE OF REMEDIES.—Where a lessee expressly covenants "to keep all stock off the alfalfa land when the same is wet" and that his breach of "any of the covenants" shall work a forfeiture, the lessors are entitled to declare a forfeiture of the lease upon a breach by the lessee of the covenant to keep stock off the alfalfa land when the same is wet, even though the lease also provides that "in the event that any of the alfalfa is tramped out or damaged by stock," the lessee "agrees to reseed the same at his own cost and expense."

53 Cal. App.—47

[2] ID.—NOTICE TO SURRENDER POSSESSION—DEMAND FOR PER-FORMANCE.—Under section 1161 of the Code of Civil Procedure, where performance of a covenant is no longer possible, demand for the performance thereof is not required as an alternative to surrendering possession.

[3] ID.—WILLFUL BREACH—FORFEITURE.—In an action by the lessors against the lessee for the cancellation of the lease, on account of the breach by the latter of one of the covenants thereof, it is not error to declare a forfeiture of the lease, even though the injury caused by the breach is capable of compensation in damages, where the breach was voluntary and intentional.

[4] ID.—RENTAL VALUE—DAMAGES—JUDGMENT.—In such an action, the judgment in favor of the plaintiffs will not be reversed merely because they sought and were given judgment for the amount due as "rent" up to the time the judgment was rendered, based on the annual rental provided for in the lease, where they should have sought and been given judgment for "damages."

[5] ID.—FUTURE RENT—UNAUTHORIZED JUDGMENT.—In such an action, a judgment for a further sum per day, based on the annual rental provided for in the lease, "for each day hereafter during the time that defendant occupied said premises," is unauthorized.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

L. C. Pistolesi and O. F. Meldon for Appellant.

F. W. Henderson for Respondents.

FINCH, P. J.—Plaintiffs were given judgment, under the provisions of section 1174 of the Code of Civil Procedure, for the cancellation of their lease of certain premises to the defendant, on account of his breach of one of the covenants thereof, and for damages to the lands leased and those occasioned by the unlawful withholding thereof after the default of which complaint is made.

The defendant was in possession of the premises under a lease for the term of five years from the first day of January, 1918. A large part of the lands leased was in alfalfa. [1] By the terms of the lease the defendant agreed "to

keep all stock off the alfalfa land when the same is wet."
The lease further provided: "If default shall be made in
any of the covenants herein contained, that it shall be law-
ful for the said parties of the first part to re-enter said
premises, and to remove all persons therefrom." From evi-
dence in which there was a substantial conflict, the court
found: "That said defendant . . . has failed and refused
to keep his said stock off of said alfalfa land when the same
was wet; that said defendant suffered and allowed his stock,
consisting of dairy cattle in large numbers, to run upon
the land seeded to alfalfa upon said premises while the same
was wet; that on numerous occasions in the year 1920, prior
to the filing of the complaint in said action and the
service of the notice requiring possession as hereinafter
found, said defendant suffered and allowed his said stock
to run upon the land in alfalfa so leased to him while
the said land was wet; that there was a good stand of
alfalfa upon not less than forty-five acres thereof; that by
reason of its being wet, cattle pasturing thereon, bogged
into same, tracked it up and injured and destroyed to a
great extent the alfalfa growing, thereon." The lease pro-
vided that "in the event that any of the alfalfa is tramped
out or damaged by stock, said second party agrees to reseed
the same at his own cost and expense."

Appellant contends that "the idea that a forfeiture was
intended to result from the mere circumstance of stock going
upon the alfalfa land when wet is negatived by the provi-
sion requiring the lessee to reseed such land." It is a
matter of common knowledge, however, that alfalfa may be
"tramped out or damaged" by livestock when the land is not
wet. Therefore the provision requiring reseeding can be
given effect independent of its application to injuries of the
character charged. Doubtless the lessors could have waived
the forfeiture and required the lessee to reseed the land but
they were not limited to the latter remedy. The lessee
expressly covenanted "to keep all stock off of the alfalfa
land when the same is wet" and that his breach of "any
of the covenants" should work a forfeiture. Under the
findings of the court, he willfully refused to comply with
his agreement and the choice of remedy for the breach is
not with him but with the lessors.

[2] Appellant urges that the notice to surrender possession was insufficient because it "did not require of him the performance of his covenant to keep his stock off of the alfalfa land while wet." The contention is without merit. Manifestly the performance of the covenant was then impossible in so far as past breaches were concerned. Section 1161 of the Code of Civil Procedure provides that where performance of a covenant is no longer possible, demand for the performance thereof is not required. (*Schnittger* v. *Rose*, 139 Cal. 656, [73 Pac. 449]; *Zucco* v. *Farullo*, 37 Cal. App. 562, [174 Pac. 929]; *Matthews* v. *Digges*, [45 Cal. App. 561, [188 Pac. 283].)

[3] It is next contended that it was error to declare a forfeiture of the lease because, it is argued, the injury caused by the breach was capable of compensation in damages, citing section 3275 of the Civil Code. That section provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty." In the case of *Parsons* v. *Smilie*, 97 Cal. 647, [32 Pac. 702], it is said that the word "willful" as used in section 3275 means "voluntary" or "intentional" and does not imply a malicious breach. The opinion further states that "the authorities clearly show that the cases where compensation has been allowed were . . . where, as was said by Chief Justice Redfield, it would not be necessary to send the issue of the amount of damages either to a jury or masters, before the court could grant relief. In *Wafer* v. *Mocato*, 9 Mod. 112, it was said: 'For this court never relieves but in such cases . . . where there is *some rule* to be the measure of such damages, to avoid being arbitrary.'" (See, also, *Rayfield* v. *Van Meter*, 120 Cal. 416, [52 Pac. 666].)

[4] The plaintiffs were given judgment for the amount due as rent up to the time the judgment was rendered at the rate of $4.05 a day, being one three hundred sixty-fifths part of the annual rental provided for in the lease. The answer alleges: "That the rental value of said premises is no more than is mentioned in said lease." Conceding that

under the provisions of section 1174 of the Code of Civil Procedure a judgment for rent, as such, is authorized only in case of default in payment of rent, that section provides for the assessment of damages occasioned by the unlawful detainer, and the minimum damages in such a case is the rental value of the premises. In this case the plaintiffs alleged that the rental value was six dollars a day and prayed for judgment at that rate. The defendant did not demur to the complaint but alleged that the rental value was what the court found it to be. The case was tried upon the theory that the rental value was an issue and it would be substituting form for substance to hold on appeal that the judgment must be reversed on the purely technical ground that the term ''rental value'' was employed rather than the word ''damages.'' In the absence of other damages shown, the rental value of the premises was the measure of damages, and it is not perceived in what manner the appellant could have suffered prejudice by the use of the one term rather than the other. It is a clear case for the application of the rule prescribed by section 4½ of article VI of the constitution.

[5] The court rendered judgment for ''the further sum of $4.05 per day for each day hereafter during the time that defendant occupies said premises.'' Respondents contend that this part of the judgment is authorized by the provision of section 3283 of the Civil Code, that damages may be awarded ''for detriment . . . certain to result in the future.'' In cases of this character a defendant may hold possession, under certain conditions, pending appeal. It may be months or even years before the defendant is required to surrender possession. It does not appear by what means the court can determine what damages are ''certain to result in the future.'' The value of the use and occupation may be greater or less than at the time of the trial. No statute or decision has been cited, and none has been found, which would authorize a judgment of the character rendered for future damages.

The judgment is modified by striking therefrom the following: ''and for the further sum of $4.05 per day for each day hereafter during the time that defendant occu-

pies said premises''; and, as so modified, the judgment is affirmed, neither party to recover costs of appeal.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 4, 1921, a majority of the Justices having failed to assent to the granting thereof.