138 Cal.App.2d Supp. 906 (1955)
J. GLOUBERMAN, Respondent,
v.
S. J. COFFEY, Appellant.
California Court of Appeals. 
Dec. 27, 1955.
 William J. Clark for Appellant.
 Joseph Friedman for Respondent.
 SWAIN, J.
 The defendant appeals from the judgment and the order denying his motion under Code of Civil Procedure sections 663 and 663a.
 Plaintiff is the owner of an apartment house. Defendant, the lessee, unlawfully detained possession of the property in question during the month of November, 1953. Plaintiff sued for $490, which he claims defendant collected from the subtenants for November rent. Plaintiff also sought $750 damages for removal by the defendant of refrigeration units. The plaintiff claimed these were part of the real property; the defendant claimed they were his personal property. The defendant pleaded "res adjudicata" based on the fact that the plaintiff, on November 10, 1953, brought an unlawful detainer action against our defendant, in which he sought possession of the real property and damages for its detention. In that action judgment was entered November 30, 1953, in favor of the plaintiff for possession, but he was awarded no damages. The defendant removed the refrigeration units when he vacated the property after that judgment. The present action was filed January 21, 1954. The judgment in the case at bar was for plaintiff, for $375 rents which defendant had collected from subtenants for November, 1953, $115 for the value of the use of the apartment occupied by the defendant and the one occupied by the manager, and $750 damages for removal of the refrigeration units.
 [1a] If a tenant unlawfully detains possession after the termination of a lease, the landlord is entitled to recover as damages the reasonable value of the use of the premises during the time of such unlawful detainer. He is not entitled to recover rent for the premises because the leasehold interest has [138 Cal.App.2d Supp. 908] ended. (See Manual of Unlawful Detainer Law and Procedure in California, by Hunt, pp. 6, 119-121, and Code Civ. Proc., 1174.)
 [2] There was no evidence of the reasonable value of the use of the premises. Prior to the termination of the lease the rent payable by the defendant was $100 per month, but the court did not base her judgment on that figure. The apartment house was rented unfurnished. The apartments were rented to the sublessees furnished. Under no theory could the amount of rent paid for furnished apartments be evidence, when standing alone, of the reasonable value of the use of an unfurnished apartment house. On that theory the judgment is erroneous. Furthermore, the $115 allowed for the use of the apartment occupied by the defendant and the one occupied by his manager was not rent collected.
 The defense of res judicata is good as to all the $490 item. [1b] The damages to which a landlord is entitled for an unlawful detainer of his property is the reasonable value of the use thereof, and that is a proper claim in an unlawful detainer action. (Code Civ. Proc., 1174.) Plaintiff sought but for some reason, still unexplained, was denied damages for such detention.
 [3] The $750 awarded for damage caused by removal of the refrigeration units was proper in this action. There was evidence to support the finding that the units were a part of the realty and that plaintiff was damaged in the sum of $750 by their removal. Plaintiff could not have recovered for that item in his unlawful detainer action because the units were not removed until the defendant moved from the premises.
 The judgment is reduced to $750 and costs. It is affirmed as thus modified. The order is affirmed. Each party will bear his own costs of appeal.
 Shaw, P. J., and Bishop, J., concurred.