Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 14258. Feb. 14. 1979.]

CASTLE PARK NO. 5, Plaintiff and Appellant, v.
A. KATHERINE, Defendant and Respondent.

[Civ. A. No. 14314. Feb. 14. 1979.]

ANTONIO GOCHICOA, JR., Plaintiff and Appellant, v.
ERNESTO MARTINEZ, Defendant and Respondent.

**COUNSEL**

Kaplanis & Grimm, Richard N. Grimm and Ruth Sward for Plaintiffs and Appellants.

Robert M. Myers and David C. Velasquez for Defendants and Respondents.

**OPINION**

SAETA, J.—Plaintiffs prosecute a joint appeal in these two consolidated unlawful detainer cases. ■■■■ In *Castle Park No. 5 v. Katherine,* Civ. A. 14258, plaintiff appeals from an order quashing service of the five-day unlawful detainer summons.[1] In *Gochicoa v. Martinez,* Civ. A. No. 14314, plaintiff in effect appeals from a judgment, which although on its face in favor of plaintiff, denied him recovery of rents accrued and unpaid prior to the termination of the tenancy. This denial was based on

---

[1]When a complaint seeks relief beyond that authorized under the unlawful detainer statutes, the five-day summons is improper. (*Greene v. Municipal Court* (1975) 51 Cal.App.3d 446, 451-452 [124 Cal.Rptr. 139].)

a previous ruling granting defendant's motion to strike the allegations of the first amended complaint which pleaded the pretermination rentals.[2]

 The issue presented by these appeals is whether a landlord who terminates a month-to-month tenancy may recover rent for the period prior to the termination in an unlawful detainer proceeding. We answer this in the negative and affirm the two trial courts.

The damages recoverable in an unlawful detainer proceeding are controlled by Code of Civil Procedure section 1174. (Unless otherwise stated, all further section references hereafter are to sections of the Code of Civil Procedure.) Section 1174, subdivision (b) provides in part as follows: "(b) The jury or the court, if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, *and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent.*" (Italics added.) The parties dispute the meaning of the underlined phrase: "and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent." Plaintiffs claim that as rent remains due to the date of termination under Civil Code section 1946, and as defendants were in default of paying rent, pretermination rents are recoverable. Defendants claim that such rents may be recovered in unlawful detainer actions only if the 3-day notice to pay rent or quit is used, not the 30-day termination of tenancy notices used by plaintiffs in these cases.[3]

Counsel have not cited nor has the court's research disclosed a case directly deciding the issue presented by these appeals. However, there are several basic principles often cited in unlawful detainer cases which guide our holding. First, for many years the California courts have adhered to the principle that the unlawful detainer statute is strictly construed and that relief not authorized by that statute may not be given due to the summary nature of the proceedings. (See, e.g., *Vasey* v. *California Dance Company, Inc.* (1977) 70 Cal.App.3d 742, 746-748 [139 Cal.Rptr. 72] and cases cited therein. Second, the primary purpose of an unlawful detainer proceeding is recovery of possession of the

[2]While on its face the notice of appeal in *Gochicoa* is from the order granting the motion to strike, appeal does not lie from such a ruling and this court treats the appeal as being from the judgment entered July 3, 1978.

[3]In *Castle,* the notice stated that the tenancy terminated on April 3, 1978, and the complaint asked for rentals from March 1 to April 3, 1978, plus $2.03 per day from April 4, 1978, to judgment. In *Gochicoa,* the notice terminated the tenancy on March 31, 1978, and the stricken portion of the prayer asked for rents from February 6 to March 31, 1978.

property. (*Markham* v. *Fralick* (1934) 2 Cal.2d 221, 227 [39 P.2d 804].) Third, extraneous matter is excluded from an unlawful detainer proceeding by "confining the unlawful detainer action to issues directly relevant to the ultimate question of possession." (*Green* v. *Superior Court* (1974) 10 Cal.3d 616, 634 [517 P.2d 1168].) Fourth, a distinction is made in section 1174 and the cases between *rent* which has accrued prior to termination of the tenancy and the *damages* caused by the unlawful detention after the termination. (*Glouberman* v. *Coffey* (1955) 138 Cal.App.2d Supp. 906 [292 P.2d 681]; *Chase* v. *Peters* (1918) 37 Cal.App. 358, 361 [174 P. 116].) Applying these principles, a lessor must clearly show that the statute allows rents as an incident to the primary purpose of trying the right to possession.

 In most instances unlawful detainer proceedings may not be commenced unless one of three notices is given to the tenant.[4] The most common notice is the three-day notice to pay rent or quit under section 1161, subdivision 2 or to perform a covenant of the lease or quit under section 1161, subdivision 3. A second form, under section 1161, subdivision 1, allows the unlawful detainer proceeding to commence after the notice terminating tenancy has been given under Civil Code section 1946. The third common notice is the notice to quit, not in the alternative, for violation of covenants that cannot be performed (last cl. of 1st par., § 1161, subd. 3) and for properties foreclosed upon under section 1161a. These appeals involve the second form of notice.

The parties do not dispute that rents accrued and unpaid prior to the unlawful detainer may be recovered in an unlawful detainer proceeding after service of the three-day notice to pay rent or quit and that is the plain meaning of the italicized portion of section 1174, subdivision (b), *supra.* The lessor's right to possession is founded on the tenant's failure to pay rent. Thus, under the principles enunciated above, the right to possession requires proof of the nonpayment of the rents.

Turning to the third preunlawful detainer notice situation, an analogy may be made to the cases at bench. Two cases have stated that rents may not be recovered in an unlawful detainer action when the action was founded on a notice to quit based on violation of covenants of the lease that could not be remedied. In *Harris* v. *Bissell* (1921) 54 Cal.App. 307 [202 P. 453] there was no claim of default in the rent. The tenancy was

---

[4]No notice is needed before filing suit where the tenant holds over after the expiration of his term (Code Civ. Proc. § 1161, subd. 1; *Palmer* v. *Zeis* (1944) 65 Cal.App.2d Supp. 859 [151 P.2d 323]).

terminated for a wrongful use of part of the land leased. The court states: "The statute provides for the recovery of rent, the agreed rent, only in case of 'default in the payment of rent.' Damages or rent accruing prior to forfeiture may, of course, be recovered in an independent action." (54 Cal.App. at pp. 313-314.) Similarly, in *Pfitzer* v. *Candeias* (1921) 53 Cal.App. 737 [200 P. 839] the court construed the plaintiff as asking for, and the trial court as awarding, damages after the termination of the tenancy for breach of a covenant concerning grazing of cattle. While the judgment denominated the damages as "rental value," the appellate court construed the award as damages and not rent because "under the provisions of section 1174 . . . a judgment for rent, as such, is authorized only in case of default in payment of rent . . . ." (53 Cal.App. at p. 741.)[5]

*La Cava* v. *Breedlove* (1946) 77 Cal.App.2d 129 [174 P.2d 880], cited by appellants, affirmed a judgment awarding both pretermination and posttermination rents. However, the decision discusses only the fact that there was substantial evidence to support the amount of the judgment, not whether or not pretermination rents could be recovered after a 30-day notice terminating the tenancy was used (at p. 132). *Webb* v. *Jones* (1927) 88 Cal.App. 20 [263 P. 538] affirmed a judgment including rents where there were broken covenants concerning alteration of the premises, but the plaintiff there in addition used a three-day notice to pay rent or quit and there was a finding that the tenants were in default on their rent payments. ■ Appellants argue that the acceptance of money by the lessor after termination of the tenancy may be shown in an unlawful detainer proceeding. While this is true as it tends to show a waiver of forfeiture (*Jones* v. *Maria* (1920) 48 Cal.App. 171 [191 P. 943]; *Kern Sunset Oil Co.* v. *Good Roads Oil Co.* (1931) 214 Cal. 435 [6 P.2d 71, 80 A.L.R. 453]), such evidence bears only on the posttermination period, not rents accrued before termination for which the lessor seeks recovery.

Unlike an action based on a 3-day notice to pay rent or quit, where proof of nonpayment of rent is necessary to establish plaintiff's right to possession, evidence respecting payment of rent is not relevant to the right to possession in an action based on a 30-day notice terminating a month-to-month tenancy. Allowing recovery of pretermination rents in the latter type of proceeding would enlarge the issues, contrary to the principles of *Green* v. *Superior Court, supra.*

[5]The judgment was modified to eliminate damages from the time of judgment until defendant surrendered the premises as that was an uncertain amount.

 Given the requirement of strict construction of the unlawful detainer statute and the analogy that may be drawn from the cases construing termination of tenancies for failure to comply with covenants of the lease, this court holds that when a 30-day notice is used to terminate a month-to-month tenancy, and any default in the payment of rents to that time are not claimed in a 3-day notice to pay rent or quit, the unlawful detainer proceeding thereon is not founded on a default in the payment of rent within the meaning of section 1174, subdivision (b); damages for the detention of the premises commencing with the end of the tenancy may be recovered, but rents accrued and unpaid prior to the end of the tenancy may not be recovered in that unlawful detainer proceeding.

The order and judgment are affirmed. Respondents to recover their costs on appeal.

Cole, P. J., and Dowds, J., concurred.