[No. B009806. Second Dist., Div. Two. Mar. 15, 1985.]

WILLIAM LITTLE, Plaintiff and Appellant, v.
RAYMUNDO SANCHEZ et al., Defendants and Appellants.

WILLIAM LITTLE, Plaintiff and Appellant, v.
JESUS MARTINEZ, Defendant and Appellant.

502

**COUNSEL**

Rich & Ezer and Mitchel J. Ezer for Plaintiff and Appellant.

Gary L. Blasi and Kathryn Grannis for Defendants and Appellants.

**OPINION**

GATES, J.—Under rule 62 of the California Rules of Court, we here review a municipal court's order (1) denying a motion to certify a class while (2) simultaneously vacating the unlawful detainer judgments entered by stipulation as to the named individual defendants. Appellants Jesus Martinez and Raymundo Sanchez challenge the former aspect of this order while respondent and cross-appellant William Little challenges the latter.[1]

---

[1]For convenience and purposes of clarity Martinez and Sanchez shall henceforth be referred to simply as "appellants," while Little, although also a cross-appellant, will be denominated "respondent."

Appellants assert that respondent "owns hundreds of residential properties in low income areas of Los Angeles. As a landlord, he makes frequent appearances in the unlawful detainer division of the Los Angeles Municipal Court. In fact, a recent examination of the court's records revealed that during the sixteen month period between December 1, 1981 and March 17, 1983 William Little filed approximately 264 unlawful detainer actions in the Los Angeles Municipal Court."

Appellants further asserted, and respondent apparently conceded, that respondent in some unspecified fashion had been able to have documents prepared that resembled official court forms and which were captioned "STIPULATION FOR JUDGMENT UNLAWFUL DETAINER." (See appen. A, *post,* pp. 508-509.) Of the actions filed by respondent during the period specified, 91 allegedly were terminated by the tenants' signing such documents which were then filed and upon which judgments were entered in conformity with the stipulation.

As can be seen on the face of these remarkable instruments, respondent's defendant-tenants purported to agree that respondent was entitled to immediate possession of their homes and to the aid of the court in executing that right. In fact in most instances this execution was to be "stayed" only after the tenants, in essence, had made full payment of all their arrearages. More importantly, this stay was thereafter to remain contingent upon the tenants paying to respondent "on the 1st of each and every month [an amount that often far exceeded their scheduled rent] as consideration for the stay herein so long as defendant(s) remain in possession of said premises, no new tenancy being created by said payment."

These documents even provided that if any portion of the existing arrearages had not already been paid as contemplated, then the tenants' future payments were to be applied to the monthly "installments" exacted to maintain the "stay" rather than to reduce the only actual indebtedness upon which the judgment could legally have been based. (See *Cavanaugh* v. *Hugh* (1960) 182 Cal.App.2d 714, 722-723 [6 Cal.Rptr. 525]; *Pfitzer* v. *Candeias* (1921) 53 Cal.App. 737, 741 [200 P. 839].)

■ Appellants asserted in declarations supporting their motions for class certification and to set aside the judgments entered as to them that they had been unaware of the nature and effect of these "stipulations." (We attach these declarations as appen. B, *post,* pp. 510-513.) Respondent did not contest the verity of these averments and, consequently, his contention that the court erred in granting appellants the personal relief they requested is meritless.

■ Any judgment not based upon a valid waiver of a debtor's due process rights is voidable at any time. As observed in *Cross* v. *Tustin* (1951)

37 Cal.2d 821, 825 [236 P.2d 142], "a court has inherent power to expunge a fraudulent record or set aside a decree procured by extrinsic fraud. As stated in *United States* v. *Throckmorton,* 98 U.S. 61, 65-66 . . ., such action is justified in cases where an unsuccessful party has been prevented from exhibiting fully his case by fraud or deception practiced on him by his opponent, as by keeping him away from court or by a false promise of a compromise; or where the defendant had no knowledge of the suit by being kept in ignorance by acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the employed attorney corruptly sells out his client's interest to the opponent. There are many instances in this state of the exercise of the power which is deemed not to derive from section 473 of the Code of Civil Procedure and is not limited by any time period. [Citations.]"

Even more significant, the judgments produced by, and subject to, such stipulations as those in Exhibit A, would be void in any event insofar as they purport to terminate the respective defendants' tenancies and grant respondent a legally enforceable right to dispossess them at any future time without notice or hearing should they fail, for however valid a reason, to pay their monthly installment tributes to him. Manifestly, such a proviso, if afforded any validity whatsoever, would utterly destroy all known rights of landlord and tenant. (See, e.g., Civ. Code, §§ 1941 [landlord's duty to repair], 1942 [tenant's right to withhold rent], 1942.5 [retaliatory eviction], 1944-1945.5 [presumed rental periods and automatic renewal of tenancy], 1946 [notice of termination of tenancy]; Code Civ. Proc., § 1161, subd. 2 [notice to quit].) No court may lend its offices and powers to such a scheme. (3) ". . . 'It is well settled that a judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion at any time after its entry, by the court which rendered the judgment or made the order. [Citations.]'" (*Hayashi* v. *Lorenz* (1954) 42 Cal.2d 848, 851 [271 P.2d 18].)

Regrettably the trial court here gave no explanation for its refusal to certify as a class all those other defendant-tenants against whom similar void judgments had been entered.[2] Its determination of this motion does not ap-

---

[2]Initially appellants relied rather heavily upon *County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105 [183 Cal.Rptr. 741], to support their contention that the many judgments they wished to challenge were void *in their entirety* because the stipulations upon which they were based did not, on their faces, demonstrate that the defendants named therein knew of their various judicial rights, and that with such knowledge they had made voluntary and intelligent decisions to waive those rights. It is possible, therefore, that the trial court rejected this basis for class certification because it correctly anticipated our Supreme Court's later disapproval of this aspect of *Tillett* in *County of Los Angeles* v. *Soto* (1984) 35 Cal.3d 483, 492, fn. 4 [198 Cal.Rptr. 779, 674 P.2d 750]. However, even when this basis for certification is eliminated, the subject judgments nonetheless remain void insofar as their enforcement is made contingent upon respondent's tenants making the required future "installment payments."

pear to have involved any factual issues which turned upon the credibility of the parties, and in truth, respondent did not contest the averments set forth in appellants' supporting declarations. If, as appellants indicate, the court's decision was premised upon a belief that it lacked all jurisdiction in the premises, it was mistaken.

Proceeding collectively by means of a class is a form of remedy, not a cause of action in and of itself. Municipal courts are given jurisdiction over all unlawful detainer actions falling within specified monetary limits (Code Civ. Proc., § 86, subd. (a)(4)), equitable powers generally (*id.*, subd. (b)), and specifically the ability, in appropriate instances, to vacate judgments. (*Id.*, subd. (b)(3).) There is nothing to be found in Code of Civil Procedure section 382, the section authorizing class actions, which might suggest that it is inapplicable to the municipal court. (See Comment, *Tenants in Court: The Class Action* (1971) 3 U.C. Davis L.Rev. 101.) On the other hand, Civil Code sections 1780 and 1781 appear to expressly recognize that court's jurisdiction in consumers' actions. (See also *Kennedy* v. *Domerque* (1955) 137 Cal.App.2d Supp. 849 [290 P.2d 85].) Too, a comprehensive set of rules governing civil law and motion practice and procedure in all trial courts, superior, municipal and justice, became effective January 1, 1984. (Cal. Rules of Court, rule 301 et seq.) One of the newly adopted rules establishes a procedure for seeking dismissal of all or part of a class action. (Rule 365.)

Respondent's suggestion that the court's ruling may be upheld because appellants, the named members of the class, are "strangers" to the judgments entered as to respondent's other tenants, fails to grasp the nature of a class proceeding. Similarly inapposite is his argument that the amount of money he sought in all these actions, taken collectively, may have exceeded the court's jurisdiction. The object of appellants' class action was not the recovery of monetary damages, or monies in any sum; it sought merely to preclude the possibility that writs of execution might issue upon judgments that were void, at least to the extent they had been "stayed" contingent upon the payment of future "installments."

Equally unavailing is respondent's contention that there is an insufficient "numerosity" of potential class members, i.e., tenants against whom he has obtained judgments by means of his form stipulation. A potential class of 90 such persons is not inadequate, particularly in light of appellants' uncontested assertions that respondent's tenants are primarily poor, unsophisticated and often unversed in the English language.

Finally, respondent errs in suggesting that a decision that would prevent execution from issuing on the challenged judgments, at least to the limited

extent here sought, would require resolving diverse factual questions. Essentially but one question need be determined and that question is common to all, i.e.: "Is this a judgment entered upon a stipulation that purports to stay its execution only so long as future 'installment payments' are made?"

Nonetheless, we recognize that by now the municipal court on its own initiative already may have corrected its records to prevent the possibility that ex parte writs of execution will issue in any of the challenged unlawful detainer actions, or that it intends to, and is, moving to achieve this desired result by some other means which it deems more desirable than a class proceeding. Due to its inherent complexities, a class action will rarely be appropriate in the municipal court, and even less frequently will it constitute the remedy of choice. Therefore, we shall not explicitly direct the certification of the instant action, but will merely remand it for further proceedings not inconsistent with this decision.

The order under review, insofar as it denies class certification is reversed and remanded for reconsideration; in all other respects the order is affirmed.

Compton, Acting P. J., and Beach, J., concurred.

APPENDIX A

Name, Address and Telephone No. of Attor..   ..)

William Little
6161 Temple Hill Drive
Los Angeles, California 90068
213-735-2644

Attorney(s) for  Plaintiff 'in propria persona

Space Be.    for Use of Court Clerk Only

**FILED**
MUNICIPAL COURT
AUG 03 1982
LOS ANGELES JUDICIAL DIST.
CLERK K. SAITO, CLERK
DEPUTY

**FILED**

OCT 05 1983

CHN J. ............. COUNTY CLERK

| STIPULATION FOR JUDGMENT UNLAWFUL DETAINER | **MUNICIPAL COURT**<br>OF LOS ANGELES JUDICIAL DISTRICT<br>COUNTY OF LOS ANGELES, STATE OF CALIFORNIA | Case Number<br>A17464<br>**CIV A  16109** |

LITTLE ................................ vs. ................ Sanchez   et al.,
                    Plaintiff(s)                              Defendant(s)

IT IS HEREBY STIPULATED BY AND BETWEEN PLAINTIFF  WILLIAM LITTLE

AND DEFENDANT (S)          Reymundo  Sanchez   ,  Evelia  Sanchez

THAT RESTITUTION OF THE PREMISES LOCATED AT_____

_____ 1433  1/4  E.  65  St.,  Los  Angles   Ca.

BE AWARDED TO PLAINTIFF AND FURTHER THAT JUDGMENT BE ENTERED IN FAVOR OF

PLAINTIFF IN THE SUM OF $_343.50_____PRINCIPAL. $_no_____INTEREST,

$___no___ATTORNEYS FEES, AND $___58.00___COSTS.

STAY OF EXECUTION AS FOLLOWS: xxxxxxxxxxxxxxxx conditioned on defendant(s)
paying the installments to plaintiff  set forth below; in the event of default in said payments
plaintiff may obtain a writ from the clerk, exparte, without futher order, on his declaration
to the clerk, without notice to defendant(s).

PAYABLE IN INSTALLMENTS AS FOLLOWS:
    Item 1:$300.00  due  8-4-82 ,  $101.00  due  9-1-82 _____

    Item 2: $ 195.00 due on the __1st__ of each and every month thereafter beginning _9-1-82_
        as consideration for the stay herein so long as defendant(s) remain in possession
        of said premises, no new tenancy being created by said payment.
    Priorty of credit: Any and all payments made are to be credited in the following order,
    to item 2 first, and secondly to reduce the money judgment , item 1, herein.

IT IS SO ORDERED:_____
                    Judge/ Commissioner

Date___8-3-82___19____

William Little (plaintiff)

(defendant)

Name, Address and Telephone No. of Attorn.

William Little
6161 Temple Hill Drive
Los Angeles, California 90068
213-735-2644

Attorney(s) for Plaintiff in propria persona

Space Bt. or Use of Court Clerk Only

FILED '82 AUG 10 P4:26

OCT 05 1983

JUDICIAL DEPT.
CLARK R. SATO, CLERK
BY DEPUTY

JOHN J. ~~~~~~~~~, COUNTY CLERK

A B Hardey

DIVISION HARDEY, DEPUTY

| TIPULATION FOR UDGMENT LAWFUL DETAINER | MUNICIPAL COURT OF LOS ANGELES JUDICIAL DISTRICT COUNTY OF LOS ANGELES, STATE OF CALIFORNIA | Case Number A17460 CIVA 16110 |

LITTLE _____ v. _____ Martinez et al,

Plaintiff(s)                                              Defendant(s)

IT IS HEREBY STIPULATED BY AND BETWEEN PLAINTIFF __WILLIAM LITTLE__

AND DEFENDANT (S) ___Jesus Martinez___

THAT RESTITUTION OF THE PREMISES LOCATED AT_____

___1437 3/8 E 65 ST, Los Angeles Ca.___

BE AWARDED TO PLAINTIFF AND FURTHER THAT JUDGMENT BE ENTERED IN FAVOR OF

PLAINTIFF IN THE SUM OF $ _114.50_ PRINCIPAL. $_no_ INTEREST,

___no___ ATTORNEYS FEES, AND $_32.00_ COSTS.

STAY OF EXECUTION AS FOLLOWS: Until _____ 19___, conditioned on defendant(s)
paying the installments to plaintiff set forth below; in the event of default in said payments
plaintiff may obtain a writ from the clerk, exparte, without futher order, on his declaration
to the clerk, without notice to defendant(s). PHOTOGRAPHED

PAYABLE IN INSTALLMENTS AS FOLLOWS:
Item 1: _114.50 due 8-12-82_
_175.00_
Item 2: $_____ due on the _1_ of each and every month thereafter beginning __9-1-82_
as consideration for the stay herein so long as defendant(s) remain in possession
of said premises, no new tenancy being created by said payment.
Priorty of credit: Any and all payments made are to be credited in the following order,
to item 2 first, and secondly to reduce the money judgment , item 1, herein.

IT IS SO ORDERED:
_____ Judge/ Commissioner

Date _8 - 9_ 19_82_

_William Little_ (plaintiff)

_Jesus Martinez_ (defendant)

## Appendix B

DECLARATION OF RAYMUNDO SANCHEZ

I, Raymundo Sanchez, hereby declare as follows:

1. I have lived with my wife and children at 1433 1/4 East 65th Street, Los Angeles, California, for about ten years. My home is one of twelve apartments located around a small courtyard in South Central Los Angeles. About five years ago William Little took over as owner of the apartment building.

2. In May of 1982, I was paying $114.50 per month in rent. I and some other people stopped paying rent at the apartment building in May of 1982 because the landlord would not listen to our complaints. In my apartment there was no hot water and no gas. There were holes in the walls and many cockroaches and mice. Some of the windows were broken and the plumbing was bad.

3. In July, 1982, Mr. Little filed an eviction case against me. I took the papers to the Tenant Defense Center, which helped me prepare an answer. It was filed on July 30, 1982.

4. On August 2, 1983, Mr. Little's people asked me to sign a document. They told me if I did not sign the paper I would be evicted immediately. They told me if I did sign it they would drop the eviction case against me and there would be no problems. The paper was in English. I do not read or write English. No one translated the paper into Spanish before I signed it. No one told me that it was a paper which would give Mr. Little a judgment against me. No one told me if I signed the paper my rent would be raised from $114.50 to $195.00 per

month. I now know that the paper I signed was the Stipulation for Judgment in Municipal Court case number A17464.

5. I paid Mr. Little $401.00 after I signed the stipulation. When Mr. Little's employees demanded that I pay $195.00 per month in rent, I returned to the Tenant Defense Center, which wrote Mr. Little a letter saying the rent demand was illegal under the rent control law. I now pay $124.92.

6. I never understood until my lawyers explained it to me that by signing the stipulation Mr. Little got a court judgment against me. I did not understand until my lawyers explained it to me that if I fail to make any payment on the judgment, my family and I can be evicted without any hearing or trial, as has happened to other people.

7. I want the judgment against me removed. I want to be able to exercise my rights as a tenant without fear of being evicted.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on the date set forth below at Los Angeles, California.

Dated: _6 - 10 - 83_

_RAYMUNDO SANCHEZ_

RAYMUNDO SANCHEZ

### DECLARATION OF INTERPRETER

I, the undersigned, declare as follows:

1. I am fluent in both the English and Spanish languages.

2. Before the above declarant signed the above declaration, I accurately translated it into Spanish for the declarant.

-28-

DECLARATION OF JESUS MARTINEZ

I, Jesus Martinez, hereby declare as follows:

1. I have lived in my home at 1437 2/8 East 65th Street, Los Angeles, California, since 1962. William Little became the owner of the building about five years ago.

2. In July of 1982 Mr. Little filed an eviction case against me for not paying my rent. I had paid all my rent. I took the eviction court papers to the Tenant Defense Center, which helped me prepare papers to answer the eviction case. On about August 9, 1982, a young blonde man who works for Mr. Little came to my house. He had a paper with him. He told me that if I did not sign it, I would be evicted. He said it was something about raising my rent. I had been paying $114.50 per month. The paper at first said my rent would be $195.00 per month. Then the amount was changed to $175.00 per month. I signed the paper because I did not want to be evicted.

3. The paper I signed was in English. I do not read or understand English. The conversation I had with Mr. Little's man was translated by the 12 year old son of one of my neighbors. At the time I signed the paper, no one translated it for me. No one told me I was signing a paper to give Mr. Little a judgment against me.

4. I paid $175.00 a month rent until I found out that the rent increase Mr. Little had gotten was illegal. Then I started paying the right amount. I now pay $124.92 per month.

5. I only learned that the paper I had signed gave Mr. Little a judgment against me when this was explained by my lawyers. It was only then that I learned that I might be

-30-

evicted on the basis of the judgment against me without any hearing or trial at all. I want the judgment against me taken off the records of the Court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on the date set forth below at Los Angeles, California.

Dated: 7-5-83

_Jesus Martinez_
JESUS MARTINEZ

## DECLARATION OF INTERPRETER

I, the undersigned, declare as follows:

1. I am fluent in both the English and Spanish languages.

2. Before the above declarant signed the above declaration, I accurately translated it into Spanish for the declarant.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on the date set forth below at Los Angeles, California.

Dated: 7-5-83

_Elena Bonuelos_
~~ALMA PIEDRA~~ ELENA BANUELOS

-31-