958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nasar SIMAAN, Plaintiff-counter-defendant--Appellant,
v.
TEXACO REFINING AND MARKETING INC.,
Defendant-counter-claimant-Appellee.
 No. 90-56113.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1992.
Decided March 20, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nasar Simaan appeals the district court's grant of summary judgment and award of damages to defendant-counterclaimant Texaco Refining and Marketing, Inc. (Texaco). Simaan claims that his cause of action under the Petroleum Marketing Practices Act (PMPA) for wrongful termination of a petroleum franchise was not time-barred and that his state-law causes of action were not preempted by the PMPA. Simaan also argues that Texaco should not have been awarded $68,322.14 on its unlawful detainer counterclaim. We affirm.
 
 STATEMENT OF CASE
 
 3
 In January of 1983, Texaco leased to Simaan a service station located at Cerritos and Valley View in Cypress, California. The lease provided that Simaan would not rent trucks from the leased premises. He did anyway. In a separate agreement executed at the same time, Texaco agreed to sell and deliver Texaco gasoline to Simaan. This agreement authorized Simaan to use Texaco's brand names and trademarks.
 
 
 4
 On March 12, 1984, Texaco wrote to Simaan to inform him that his franchise, including his lease, would be terminated on June 12, 1984 under the provisions of the PMPA because of his continued operation of the truck rental business.[1] Texaco subsequently informed Simaan that his payment of monthly rent for June and July created a month-to-month tenancy that began upon the termination of his Texaco franchise. Texaco stated that Simaan's month-to-month tenancy was terminated effective August 31, 1984, at which time he was to surrender possession of the leased premises. Texaco made it clear that Simaan's holdover tenancy did not extend the supply agreement between Texaco and Simaan.
 
 
 5
 Simaan filed suit against Texaco on July 23, 1985. He alleged that Texaco wrongfully terminated his petroleum franchise in violation of the PMPA. He also alleged that Texaco violated state law by wrongfully failing to deliver gasoline and wrongfully withholding consent to the sale or assignment of Simaan's franchise. Texaco counterclaimed against Simaan for unlawful detainer.
 
 
 6
 The district court ruled that Simaan's cause of action under the PMPA was time-barred and that Simaan's state law causes of action were preempted by the PMPA. The district court also granted summary judgment to Texaco as to Simaan's liability for the unlawful detainer counterclaim. After a trial to determine Texaco's damages for Simaan's wrongful detention of the leased premises, the court awarded Texaco $68,322.14 plus costs.
 
 DISCUSSION
 A. PMPA Statute of Limitations
 
 7
 In order to maintain a cause of action under the PMPA, Simaan was required to file suit within one year of the termination of his Texaco franchise. 15 U.S.C. § 2805(a)(1). After June 12, 1984, Texaco allowed Simaan to hold over on a month-to-month basis ending August 31, 1984, but Simaan had no motor fuel supply agreement with Texaco and no agreement with Texaco for the use of its trademark. We have construed franchise to mean "the combination of the franchisee's use of a franchisor's trademark, the lease of a service station, and the motor fuel supply contract." Svela v. Union Oil Co. of Cal., 807 F.2d 1494, 1500 (9th Cir.1987). See Fresher v. Shell Oil Co., 846 F.2d 45, 46-47 (9th Cir.1988); Prestin v. Mobil Oil Corp., 741 F.2d 268, 272 (9th Cir.1984). Therefore Simaan's month-to-month holdover tenancy of the service station alone does not constitute a franchise between Texaco and Simaan. The district court properly held that Simaan's franchise was terminated on June 12, 1984. Because Simaan filed suit on July 23, 1985, more than one year after the termination of his franchise, his cause of action under the PMPA is barred by the statute of limitations. 15 U.S.C. § 2805(a).
 
 B. Preemption of State-Law Claims
 
 8
 The PMPA preempts all state laws concerning the termination of petroleum franchises if the state laws are not the same as the PMPA. 15 U.S.C. § 2806(a); In re Herbert, 806 F.2d 889, 892 (9th Cir.1986). Texaco stopped selling gasoline to Simaan when it terminated his franchise. Simaan's state-law claim that Texaco wrongfully refused to sell him gasoline clearly involves the termination of his franchise and is thus preempted by the PMPA. The same is true of Simaan's claim that Texaco wrongfully withheld consent to the sale or assignment of his franchise. We have held that state-law claims for wrongful refusal to consent to the assignment of a petroleum franchise when the franchisee is under notice of termination are preempted by PMPA. Humboldt Oil Co., Inc. v. Exxon Co., U.S.A., 823 F.2d 373, 375 (9th Cir.1987), cert. denied, 485 U.S. 1021, 108 S.Ct. 1575, 99 L.Ed.2d 890 (1988).
 
 C. Texaco's Damages for Unlawful Detainer
 
 9
 The district court did not err by awarding Texaco $68,322.14 plus costs on its unlawful detainer counterclaim. Texaco complied with the time limitations of the PMPA when it terminated Simaan's franchise. 15 U.S.C. § 2802(b)(2)(B). Simaan's holdover month-to-month tenancy was terminated effective August 31, 1984 and Simaan has not shown that he had lawful possession of the service station after that date. Texaco was entitled to damages equal to the fair market value of the premises. Pfitzer v. Candeias, 53 Cal.App. 737, 741, 200 P. 839 (1921). The district court did not clearly err by calculating Texaco's damages using the rental formula that Texaco customarily uses in its dealings with its franchisees.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The notice included a statement of his PMPA rights